| | |
|---|---|
| 1 | Clifton W. Albright (SBN 100020) |
| 2 | Oliver P. Lasley (SBN 120816) |
|   | David S. Song (SBN 323073) |
| 3 | **ALBRIGHT, YEE & SCHMIT, APC** |
|   | 888 West 6th Street, 14th Floor |
| 4 | Los Angeles, California 90017 |
|   | Tel: (213) 833-1700 / Fax: (213) 833-1710 |
| 5 | Email: david.song@ayslaw.com |

Attorneys for Defendants
**DRA, INC. aka DEL RICHARDSON & ASSOCIATES, INC. and DELBRA RICHARDSON PRICE**

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### SOUTHERN DIVISION

| | |
|---|---|
| OKEISHA L. AUSTIN, | Case No.: 8:18-cv-02242-AG-ADS |
| Plaintiff, | [*Complaint Filed: 12/18/2018; Assigned to Hon. Andrew J. Guilford, Crtrm. 10D*) |
| v. | |
| DRA, INC. aka DEL RICHARDSON & ASSOCIATES, INC., and all of their subsidiaries, beneficiaries, and alliances; DELBRA RICHARDSON PRICE; CURREN PRICE; FRANK MENDEZ; OSCAR MARQUEZ; DIONICIO MARQUEZ; MARITSA GARCIA; JOSEPH WILLIAMS; MICHAEL MARINOFF; WORKFORCE/ONE-STOP/EDD AJJ; CHRISTOPHER McCARTHY aka CHRIS MOTT ACREE; CHRIS JOHN MOTT; COLLEGE HOSPITAL INC.; FACEBOOK, INC.; YOUTUBE, INC.; PINTEREST, INC.; INSTAGRAM, INC.; RUSSELL SIMMONS; DAYMOND JOHN; APPLE, INC.; RETURN TO ME, INC.; ORACLE, INC. | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>(*Filed concurrently with the Declaration of David S. Song, Esq. and (Proposed) Order Granting Defendants' Motion to Dismiss*)<br><br>DATE:    March 11, 2019<br>TIME:    10:00 AM<br>CRTRM:  10D<br><br>FSC:       07/24/2019<br>Trial:      08/07/2019 |
| Defendants. | |

Albright Yee & Schmit APC

**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

**TO THE COURT, ALL PARTIES AND TO THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on March 11, 2019 at 10:00 a.m. or as soon thereafter as the matter may be heard before the Honorable Andrew J. Guilford in Courtroom 10D of the above-entitled court, located at the Ronald Reagan Federal Building and United States Courthouse, 411 West Fourth Street, Santa Ana, California 92701, Defendants DRA aka Del Richardson & Associates, Inc. and Delbra Richardson Price will, and hereby do, move the Court for an order dismissing Plaintiff Okeisha L. Austin's complaint ("Motion"). This Motion is made pursuant to Federal Rules of Civil Procedure (FRCP), Rule 12(b)(6). The Motion will be made on the grounds that the Complaint fails to state a claim upon which relief can be granted.

This Motion is based on this Notice of Motion, the attached Memorandum of Points and Authorities, the Declaration of David S. Song, Esq. in support of the Motion, and on all the papers, pleadings and records on file in this action.

DATED:  February 5, 2019           **ALBRIGHT, YEE & SCHMIT, APC**


By:  _____*/s/ David S. Song*_____
              David S. Song

Attorneys for Defendants
**DRA, INC. aka DEL RICHARDSON & ASSOCIATES, INC. and DELBRA RICHARDSON PRICE**

Albright Yee & Schmit APC

1
**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff, Okeisha L. Austin (hereinafter "Plaintiff") alleges six causes of action against twenty defendants, including Facebook, Inc., YouTube, Inc., and Apple, Inc. It is impossible to determine which cause(s) of action apply to which defendant(s) because Plaintiff neither separates out any of her causes of action, nor does she separate out any defendants. Plaintiff's Complaint is simply 14 pages of unfocused, unspecified allegations. To date, Plaintiff has only served Defendants DRA aka Del Richardson & Associates, Inc. and Delbra Richardson Price (hereinafter "Defendants" or "Responding Defendants").

For purposes of this Motion to Dismiss ("Motion") under Rule 12(b)(6), the issue is whether Plaintiff's Complaint states any cause of action upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). As set forth below, Plaintiff's Complaint does not do so.

Furthermore, Plaintiff's Complaint violates FRCP Rule 11 because Plaintiff has no evidentiary support for any of her claims. Fed. R. Civ. P. 11.

Finally, FRCP Rule 8 requires a short and plain statement of a claim showing that the pleader is entitled to relief. Fed. R. Civ. P. Rule 8. Plaintiff's Complaint is neither.

Before filing this Motion, Defendants asked the Plaintiff to voluntarily dismiss this action. Plaintiff refused, leaving Defendants no alternative but to seek this relief (see Declaration of David S. Song).

## II. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

### A. Legal Standard

Per case law, a complaint may be dismissed under Rule 12(b)(6) "when it fails to state a cognizable legal theory or fails to allege sufficient factual support for its legal theories." *Caltex Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156 (9th Cir. 2016).

Albright Yee
& Schmit APC

2
**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Supreme Court expressed in *Twombly* that while a complaint attached by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a complaint requires more than labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Further, the court stated in *Iqbal* that in order to survive a motion to dismiss, a complaint must contain sufficient factual matter to state a facially plausible claim to relief. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Cook v. Brewer*, 637 F.3d 1002, 1004 (9th Cir. 2011).

### B. Application

In the instant action, Plaintiff's Complaint's run-on and incomplete sentences render it incomprehensible. Due to the lack of clarity, Defendants are left to speculate as to how Plaintiff believes she has been injured, who allegedly injured her, what legal claims she wishes to pursue, why she believes there is federal jurisdiction, and what relief she is seeking.

Defendants believe that Plaintiff's Complaint fails on both ends — it fails to state a cognizable legal theory and it fails to allege sufficient factual support for its legal theories. Therefore, Plaintiff's Complaint fails to state a claim and should be dismissed.

## III. PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO COMPLY WITH RULE 11

### A. Legal Standard

FRCP Rule 11(b)(2) requires that an attorney or unrepresented party presenting a pleading demonstrate that the claims and legal contentions are warranted by existing law. Fed. R. Civ. P. Rule 11(b)(2). The attorney or unrepresented party must also certify that any factual contentions have evidentiary support, or if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. Fed. R. Civ. P. 11(b)(3).

The purpose of Rule 11 — including its monetary sanctions provision — is intended to deter dilatory or abusive pretrial tactics and to streamline litigation by

Albright Yee & Schmit APC

3

**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

excluding baseless filings. *Cooter & Gell v. Hartmarx Corp.*, 110 S.Ct. 2447, 2454 (1990). Indeed, "Rule 11 imposes a duty on [attorneys and unrepresented parties] to certify that they have conducted a reasonable inquiry and have determined that any papers filed with the court are well grounded in fact, legally tenable, and 'not interposed for any improper purpose.' "

### B.  Application

In the instant action, Plaintiff has simply failed to meet her burden. She alleges no facts and no evidentiary support for any of her claims. Indeed, Defendants have struggled to decipher Plaintiff's claims as alleged against Defendants. The lack of evidentiary support shows that Plaintiff's claims do not have merit and the Complaint does not indicate that Plaintiff has conducted a reasonable inquiry in grounding her allegations in fact.

Therefore, Rule 11 mandates that Plaintiff's Complaint be dismissed because the unidentifiable claims have no identifiable evidentiary support.

## IV.  PLAINTIFF'S COMPLAINT SHOULD BE DISMISSED BECAUSE IT DOES NOT CONTAIN A SHORT AND PLAIN STATEMENT OF THE CLAIM SHOWING THAT THE PLEADER IS ENTITLED TO RELIEF

### A.  Legal Standard

Under FRCP Rule 8, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief," and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. Rule 8(a), (d). "[T]he short and plain statement must provide the defendant with fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346 (2005). "Experience teaches that, unless cases are pled clearly and precisely, issues are not joined, discovery is not controlled, the trial court's docket becomes unmanageable, the litigants suffer, and society loses confidence in the court's ability to administer justice." *Bautista v. Los Angeles Cnty.*, 216 F.3d 837, 841 (9th Cir. 2000).

Albright Yee & Schmit APC

4
**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

FRCP Rule 8 has "been held to be violated by a pleading that was needlessly long, or a complaint that was highly repetitious, or confused, or consisted of incomprehensible rambling." *Cafasso v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1058-59 (9th Cir. 2011).

"A pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Woods v. Carey*, 525 F.3d 886, 889-90 (9th Cir. 2008). However, "a pro se litigant is not excused from knowing the most basic pleading requirements" or "from following court rules." *Am. Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107-08 (9th Cir. 2000); *see also Pliler v. Ford*, 542 U.S. 225, 231 (2004), ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

### B. Application

In the instant action, the Complaint is indecipherable. It is argumentative, long, confusing, rambling, and consists solely of run-on sentences. For example, Plaintiff states:

> "The following will serve to confirm and further substantiate Plaintiff's claims for grave sexual harassment, grave visual sexual harassment, harassment, gross and grave psychological torture and trauma in a very hostile environment as well as gross negligence of all individuals involved whom violated Plaintiff's ECOA Rights, the State of California's EEOC Guidelines and Regulations, Hatch ACT Laws, Cyberstalking Laws, all State, Federal, and Local privacy laws, Whistleblower Laws, Employment Development Department Fraud, placing Plaintiff in an extremely harmful and terrifying situation to date … retaliation against the plaintiff for learning, discovering, and reporting the gross enrichment, attacks on her natural life, attacks on her personal life, attacks on her financial life, using Plaintiff's sphere of influence, all known and unknown associations online and contacts both personally and professionally, as a hate campaign to stifle her voice against filing the very valid Charge with EEOC and the subsequent Complaint herein and remedy for damages in the amount of $5,500,000,000".

Complaint at pgs. 3-4.

Albright Yee & Schmit APC

5

**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

The Complaint is comprised of similar sentences throughout. Plaintiff seemingly attaches new causes of action and new defendants as she writes her Complaint, settling upon a request for damages in the amount of $5,500,000,000. It is clear that the Complaint's allegations preclude Defendants from receiving "fair notice" of Plaintiff's claims or the grounds upon which the claims rest.

It is thus impossible to determine from the Complaint what each defendant allegedly did, how Defendants' conduct forms the basis for each of the many causes of action, and what information the defendants might be compelled to provide in discovery. "Neither the court nor the defendants should be compelled to cull through pages of rambling narrative, argument and needless digression to discover the factual bases for [Plaintiff's] claims." *Jacobson v. Schwarzenegger*, 226 F.R.D. 395, 397 (C.D. Cal. 2005).

Indeed, Plaintiff's Complaint is so indecipherable that the defendants (whoever they may be) cannot reasonably be expected to be placed on notice of the claims against them or to formulate an appropriate response. Courts have routinely dismissed pleadings per FRCP Rule 8 when their substance is hidden behind a wall of unintelligible rambling. *See United States ex Rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374-378 (7th Cir. 2003) (dismissing a complaint that was so "sprawling" as to be "incomprehensible").

## V. CONCLUSION

For the reasons set forth above, Defendants respectfully request that this Court dismiss Plaintiff's complaint with prejudice.

DATED: February 5, 2019       **ALBRIGHT, YEE & SCHMIT, APC**

By:    */s/ David S. Song*
       David S. Song
Attorneys for Defendants
**DRA, INC. aka DEL RICHARDSON & ASSOCIATES, INC. and DELBRA RICHARDSON PRICE**

Albright Yee & Schmit APC

6
**DEFENDANTS DRA aka DEL RICHARDSON & ASSOCIATES, INC.'s AND DELBRA RICHARDSON PRICE's NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

*Okeisha L. Austin v. DRA, Inc. aka Del Richardson & Assoc., Inc.*
USDC-Central District of California Case No. 8:18-cv-02242-AG-DFM

# ECF/PACER FILE AND SERVE

I, CONNIE R. WHITE, declare:

1. I am over the age of 18 years and am not a party to the within action. I am employed by Albright Yee and Schmit, APC in the City of Los Angeles, State of California.

2. My business address is 888 West 6th Street, 14th Floor, Los Angeles, CA 90017.

3. On February 6, 2019, I served a copy of the foregoing document, titled:

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

[ X ]  by filing and serving directly through ECF/Pacer at the USDC-Central District of California website at: https://cacd.uscourts.gov.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed on February 6, 2019 at Los Angeles, California.


By: _____*/s/ Connie R. White*_____
      Connie R. White

*Okeisha L. Austin v. DRA, Inc. aka Del Richardson & Assoc., Inc.*
USDC-Central District of California Case No. 8:18-cv-02242-AG-DFM

# **CERTIFICATE OF SERVICE**

      I certify that on February 6, 2019 the foregoing document was served on all parties or their counsel of record by serving a true and correct copy at the address listed below by U.S. MAIL:

Okeisha L. Austin                      **Plaintiff In Pro Se**
In Pro Se                                ***OKEISHA L. AUSTIN***
5875 Los Santos Way
Buena Park, CA 90620-3456
Ph: (714) 476-0599 │ Public Fax
Email: austinlkeisha@gmail.com

_____
Connie R. White